{¶ 1} Although I agree with much of the majority's rationale and its ultimate resolution of the case, I cannot agree at this time with ¶ 27 and 28 of its opinion. The majority gives three reasons for overruling Appellant's first assignment of error. In the first of those reasons, the majority concludes that the separation agreement would be an illegal contract if it required the parties to go to mediation before taking any legal action. According to the majority, any such provision would conflict with R.C. 3105.65(B), which grants courts continuing jurisdiction over issues regarding parental rights and responsibilities. In making this novel conclusion, the majority ignores the fact that mediation is, by definition, non-binding. R.C. 2317.023(A)(1); Black'sLaw Dictionary (7th ed. 1999), 996. If the parties do not agree in mediation, they can still invoke the trial court's continuing jurisdiction.
 {¶ 2} When concluding that the mediation clause in the separation agreement is illegal, the majority cites no legal precedent and ignores authority to the contrary. As the following quote makes clear, mediation clauses like the one in this case are encouraged in domestic relations cases.
 {¶ 3} "The practice of inserting `mediation clauses' into agreements is becoming far more common and is routinely used in business contracts, as well as in domestic relations orders. This is an effort to guide the parties toward the use of mediation prior to arbitration or litigation. Clauses generally provide that in the event of a dispute, the parties will agree to submit the matter to mediation in an effort to solve the problem.
 {¶ 4} * * * "Courts have enforced such mediation clauses even without statutory authority. * * *
 {¶ 5} "Public policy favoring the efficient resolution of disputes encourages the enforcement of these clauses through specific performance." (Footnotes omitted) 5A O.Jur.3d (1997), Alternative Dispute Resolution, Section 165.
 {¶ 6} Because the majority cites no legal authority and its conclusion belies the fact that the practice is "becoming far more common" and accepted, I cannot agree with the majority's conclusion regarding this issue at this time. But since I agree with the two other reasons the majority gives for overruling Appellant's first assignment of error, I agree with its resolution of this case.